UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| **PATTY J. LANE,** | CIVIL ACTION NO. 6:22-187-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI,**<br>**ACTING COMMISSIONER OF THE**<br>**SOCIAL SECURITY**<br>**ADMINISTRATION,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 7, 8.) Plaintiff Patty Lane brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the denial of her claim for disability insurance. The Court, having reviewed the record, will deny Lane's motion (DE 7) and grant the Acting Commissioner's motion (DE 8).

**I. Analysis**

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

1

> *Step 1:*  If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:*  If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:*  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:*  If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:*  If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4).  In the first four steps of the process, the claimant bears the burden of proof.  *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)).  If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile."  *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Lane's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act.  § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Lane has not engaged in substantial gainful activity since July 22, 2019.  (Administrative Record ("AR") at 19.)

At step two, the ALJ determined that Lane suffers from the medically determinable severe impairment of degenerative disc disease. *Id.* The ALJ also found that Lane's impairments of hypothyroidism, gastritis, hiatal hernia, GERD, diverticulitis, headaches, endometriosis, and COPD did not more than minimally impact her ability to work. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. *Id.* at 21.

At step four, the ALJ assessed Lane's residual functioning capacity ("RFC"). *Id.* at 21-23. In making this assessment, the ALJ evaluated each of Lane's physical impairments and the extent to which her symptoms could be accepted as consistent with the objective medical evidence. *Id.* The ALJ concluded that Lane still had the capacity to perform light work as defined by 20 C.F.R. 404.1567(b), except that she can frequently climb ladders, ropes, or scaffolds and can frequently stoop, kneel, crouch, and crawl. *Id.* at 21. This finding resulted in the ruling that Lane is not disabled under the Social Security Act. *Id.* at 24.

The ALJ's decision became the final decision of the Acting Commissioner when the Appeals Council subsequently denied Lane's request for review. *See* 20 C.F.R. § 422.210(a). Lane therefore has exhausted her administrative remedies and filed an appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Lane argues that the ALJ committed reversible error by not giving proper weight to the medical evidence when assessing Lane's severe impairments and residual functioning capacity. (DE 7-1 at 10-14.)

**II.    Standard**

Review by the Court is limited to determining whether the findings set forth in the final decision of the ALJ are supported by "substantial evidence." 42 U.S.C. § 405(g). "'Substantial

3

evidence means 'more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981) (citations omitted). In determining this question, the Court must examine the evidence in the record "taken as a whole." *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). If it is supported by substantial evidence, the ALJ's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).

### A. The ALJ Did Not Err at Step Two of the Analysis.

On appeal, Lane argues that the ALJ erred in failing to find other severe impairments in addition to degenerative disc disease. (DE 7-1 at 10.) Specifically, she claims the ALJ should have found severe impairments of cervical disc disease, COPD, hiatal hernia, gastroesophageal reflux disease ("GERD"), diverticulitis, and hemangioma in the brain.

The Court finds it unnecessary to decide whether the ALJ erred in failing to find Plaintiff's medically determinable impairments severe. The Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the ALJ should consider both the severe and non-severe impairments in the remaining steps. *See Anthony v. Astrue*, 266 F. Appx. 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Thus, once a severe impairment is found, the ALJ must consider the "combined effect" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. *See* 20 C.F.R. §§ 416.923(c) (emphasis added), 416.845(a)(2).

4

In this case, the ALJ found Lane had the severe impairment of degenerative disc disease. The ALJ then continued to the remaining steps in the disability determination. Because the ALJ considered the limitations imposed by Lane's medically determinable severe and non-severe impairments in determining whether she retained sufficient RFC, the ALJ's purported failure to find that Lane's additional impairments were "severe" within the meaning of the regulations could not constitute reversible error. *Maziarz*, 837 F.2d at 244.

Further, the ALJ's opinion that the other impairments were not severe was backed by substantial evidence. As to the hiatal hernia, GERD, and diverticulitis impairments, the ALJ found that Lane's reported use of medication and watching her diet was enough to abate her symptoms so that they would no more than minimally impact Lane's ability to work. (DE 5-1 at 20.) As to her COPD, the ALJ found that although Lane had one chest x-ray that showed her lungs hyperexpanded, a pulmonary function test showed no obstruction or restriction. *Id.* There was no repeated documentation of symptoms such as shortness of breath and dyspnea on exertion. *Id.* The ALJ noted that even if there were mild respiratory symptoms, they would be accommodated by the light RFC. *Id.* Last, the ALJ found that diagnostic testing for hemangioma had been negative. *Id.* Lane's CT was unremarkable with no evidence of acute cortical infraction or intracranial hemorrhage and her EEG was normal. *Id.* Lane's diagnosis of temporal lobe seizures had been dropped, and she was diagnosed with headaches. *Id.* Thus, her symptoms would not more than minimally impact her ability to work. *Id.*

Based off these findings, there was substantial evidence supporting the ALJ's opinion that the impairments were not severe.

**B.     The ALJ's RFC Analysis Was Supported by Substantial Evidence.**

Lane claims that the ALJ erred in determining Lane's RFC by disregarding the opinion of treating physician and consultative examiner Dr. Dahhan who opined that Lane could only perform sedentary work.

The RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946(c). The ALJ makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a), 416.946(c). Thus, in making the RFC finding the ALJ must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 416.920c, 416.929(a). While opinions from treating and examining sources are considered on the issue of RFC, the ALJ is responsible for making that determination. 20 C.F.R. § 416.920c(a).

In evaluating medical opinions and prior administrative medical findings, the ALJ is only required to explain how she considered supportability and consistency. *See* 20 C.F.R. § 416.920c(b)(2). Supportability refers to how much a medical opinion or finding is supported by relevant, objective medical evidence and supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency refers to how consistent a medical opinion or prior administrative finding is with evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ found that Lane can perform light work as defined by 20 C.F.R. 404.1567(b), except that she can frequently climb ladders, ropes, or scaffolds and can frequently stoop, kneel, crouch, and crawl. (DE 5-1 at 21.) In making this finding, the ALJ considered all symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence. *Id.* When assessing Dr. Dahhan's opinion, the ALJ stated the following:

6

> Dr. Dahan (*sic*) opined that the claimant is capable of doing sedentary work (Exhibit 9F). Dr Dahan is both the claimant's treating doctor and performed a consultative examination. His report is unpersuasive, however, because such stringent restrictions are unsupported by the medical records, including Dr. Dahan's own treating records. While the claimant has a restricting range of spinal motion, limiting her to a range of light work accommodates the claimant's spinal impairment. The claimant does not have any weakness and has had a very conservative course of treatment.

(DE 5-1 at 23.) The ALJ specifically discussed how Dr. Dahhan's opinion was not supported by medical records and how his finding of limiting Lane to sedentary work was inconsistent with her level of weakness and her conservative course of treatment. *Id.* The ALJ also stated that she found the opinions of state agency medical consultants Jon Demos, M.D. and Rebecca Luking, D.O. most persuasive. *Id.*

When reviewing the ALJ's opinion, "[a]s long as substantial evidence supports the ALJ's decision, the Court must defer to it, even if there is substantial evidence in the record that would have supported an opposition conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). It is not the Court's place to re-evaluate the findings of the ALJ. *Id.* Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed applicable law. *Id.*

In making the RFC finding, the ALJ analyzed the medical evidence in the record, including Lane's alleged symptoms, medical records, imaging studies, and medical opinions. The ALJ considered the medical opinion of Dr. Dahhan and discussed the opinion's supportability and consistency. The ALJ ultimately found Dr. Dahhan's opinion unpersuasive because of other objective evidence in the record. Accordingly, the ALJ's opinion is supported by substantial evidence and comports with applicable law.

7

**III.     Conclusion**

For all these reasons, the Court **HEREBY ORDERS** that:

1. The plaintiff's motion for summary judgment (DE 7) is DENIED;

2. The defendant's motion for summary judgment (DE 8) is GRANTED;

3. A judgment will be entered contemporaneously with this order.

This 15th day of February, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY